**VALENTINE WATERWAYS CORPORATION, Appellant,**

**v.**

**The TUG CHOPTANK, her engines, apparel, tackle, etc., in rem, and Allied Towing Corporation, as Owner and Operator, in personam, Appellees.**

No. 11229.

United States Court of Appeals Fourth Circuit.

Argued June 1, 1967.

Decided June 21, 1967.

---

R. M. Hughes, III, Norfolk, Va., (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief) for appellant.

Morton H. Clark, Norfolk Va., (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief) for appellees.

Before HAYNSWORTH, Chief Judge and BRYAN and WINTER, Circuit Judges.

PER CURIAM:

A river barge lost its bow rake while under tow on an ocean voyage. The District Court found no negligence on the part of the tug. It applied a presumption of unseaworthiness of the barge from its breakup in fair weather while under a normal tow at reasonable speeds.

On appeal, the barge concedes that the presumption was properly applied in denying its claim against the tug, but complains that resort to the presumption in allowing the tug's claim against the barge for services was a reversal of the burden of proof.

We think not. The District Judge did not place the burden of proof on the barge in deciding the tug's claim. The affirmative evidence of the tug's care eliminated every explanation for the breakup of the barge other than its own unfitness for an ocean voyage. In light of the moderate seas and winds encountered, that proof was quite sufficient to carry the tug's burden of persuasion, notwithstanding the limited Coast Guard certification of seaworthiness for one voyage only.

Affirmed.